CASSIUS H. REED, RESPONDENT, *v.* PETER A. LOZIER AND PRESTON STEVENSON, APPELLANTS, IMPLEADED, ETC.

*An assignment of a judgment carries with it the debt upon which it has been recovered — when proceedings against the real estate of a deceased person, instituted under the provisions contained in chapter 15 of the Code of Civil Procedure, are dependent upon the provision of the statutes in force on the day before that Code took effect — by such statutes the heirs were only liable when the personal assets left by the deceased at the time of his death were insufficient to pay his debts — they were not liable when the executors have received assets sufficient to discharge the debts, but have failed to do so, and wasted the assets*

APPEAL from a judgment in favor of the plaintiff recovered upon the trial of this action at the New York Special Term.

The plaintiff was a creditor of John H. McCunn, who died in July, 1872. He was also the assignee of four other demands besides his own, existing against the testator at the time of his decease. Three of these demands had passed into judgment in actions against the executors named in the testator's will and to whom letters testamentary were issued in December, 1872.

The court at General Term said: "These judgments were

assigned to the plaintiff, but as the assignments did not in terms include the demands, or causes of action, upon which the judgments were recovered, it has been objected that he obtained no title to those demands. But this objection is unfounded, for the rule has long been settled that the assignment of a judgment carries with it the debt upon which it has been recovered. (*Bolen* v. *Crosby*, 49 N. Y., 183, 187.)

" Neither of the judgments, nor of the two demands which did not pass into judgment, was paid by the executors. And this action was commenced on the 17th of February, 1882, more than three years after their appointment and the issuing of letters to the executors, to charge these debts upon the real estate of the testator, which had been inherited by descent by his heirs. It was commenced and prosecuted under the provisions of the Code of Civil Procedure, which in at least one material respect has changed the law from the condition in which it stood as a part of the Revised Statutes, made applicable to actions against heirs and devisees. * * *

" The more immediate and serious obstacle in the way of the right of the plaintiff to maintain the action upon either one of these demands arises out of the condition of the estate of the testator at the time of his decease, and when the letters testamentary were issued. For while the action has been prosecuted under the provisions of the Code of Civil Procedure, and it was made to appear on the trial, and the facts were so found by the court, that the plaintiff had been and would be unable, with due diligence, to collect his debts by his proceedings in the proper Surrogate's Court, or by action against the executors, legatees or next of kin, this was not sufficient to entitle the plaintiff to recover for the causes of action accrued, if they existed at all, before this part of the Code of Civil Procedure went into effect. And while it could properly be enforced by following the form of action prescribed for this purpose by the Code, the right itself depended upon the provisions of the preceding statute. If a right of action had not accrued under those provisions, then the plaintiff was not entitled to recover and the judgment in his favor must be held to be erroneous. The Code, by section 3352, has recognized both the soundness and the application of this construction. For it has declared that the provisions relating to this class of cases, as they are contained in chapter

15 of the Code of Civil Procedure, have not rendered effectual or otherwise impaired any defense or limitation, lawfully accrued or established, before the provision in question took effect, unless the contrary is expressly declared, but, 'as far as it may be necessary for the purpose of avoiding such a result or carrying into effect such a proceeding or other act, or enforcing or protecting such a right, defense or limitation, the statutes in force on the day before the provision takes effect are deemed to remain in force notwithstanding the effect thereof.' If, under this general provision, the heir, whose rights are represented by the appellants, was not liable to the action, or had acquired and become vested with a legal defense to it under the preceding statute, she and they were as fully protected as though the law relating to this class of cases had in no manner been changed, as they have been by section 1848 of the Code of Civil Procedure. They have insisted by way of defense that she did not become liable to this action for the reason that the personal assets of this estate, which were left by the testator and passed into the hands of his executors, were more than sufficient to pay the debts for which the action has been brought, as well as all the other debts owing by the testator. The law before the enactment of this part of the Code of Civil Procedure, declared the heirs of a deceased person to be liable for his debts to the extent of the estate descending to them, only when the deceased left no personal assets within this State to be administered, or his personal assets were not sufficient to pay and discharge the debt, or that after proceedings before the proper Surrogate's Court, and at law the creditor had been unable to collect his debt or some part thereof from the personal representatives of the deceased, or from his next of kin or legatees. In case the personal assets were sufficient to pay a part of the debt, then the heirs of the deceased person were made liable for only so much as remained unpaid and uncollected. (3 R. S. [6th ed.], 736, §§ 32–34.)

"In *Blossom* v. *Hatfield* (24 Hun, 275) the action was sustained for the reason that the personal assets of the deceased were not sufficient to pay his debts, and it was therefore within the authority of these sections of the statute. But where his personal assets are shown to be sufficient for the payment of his debts, there the action against his heirs cannot be maintained until after proceedings have

been taken before the proper Surrogate's Court, or at law, for the collection of the debt, and the creditor has been unable to collect it or some part of it. These sections of the statute refer to the condition or state of the personal assets of the deceased at the time of his own decease, or at the latest when they are taken in charge by his personal representative. It is as to that time that the statute speaks in prescribing the right of the creditor to maintain the action without proceeding either at law or before the Surrogate's Court. For it is as to the assets left by the deceased person that this statutory provision has been enacted, and it is only when he has left either no personal assets or an insufficient amount to pay and discharge his debts that the action against the heirs can be maintained under this part of the statute. The plaintiff alleged this to be the condition of the testator's assets, but that was controverted by the answer of Mrs. McDonald and it was under that answer the appellants resisted the enforcement of these demands against her property. If, therefore, the testator left sufficient personal assets to pay his debts at the time of his decease, or when his estate went into the hands of his executors, then his heir, whose rights and liabilities are represented by the appellants, was vested with a legal defense by this language of the statute, and that according to section 3352 of the Code of Civil Procedure has been preserved to her the same as though no change whatever had been made in this condition of the law. And that a sufficiency of personal estate for the payment of the testator's debts created such a defense, follows, not only from the statute, but the construction and effect given to it in *Selover* v. *Coe* (63 N. Y., 438). That the deceased testator did leave an amount of personal assets sufficient to pay his debts was proved with a reasonable degree of certainty at least by the evidence of this same witness. * * *

"Upon this branch of the case the liability of the real estate inherited by Jane McDonald for payment of the testator's debts has not been established. But the fact on the other hand has been proved that the appellants in her interest were entitled to resist this action successfully under the provisions of the statute which have already been mentioned. Other points have been presented in support of the appeal, but they appear to be free from all ground of legal objection, but on this point these defendants and appellants were entitled to succeed in their defense.

" The judgment should be reversed and a new trial ordered, with costs to abide the event."

*Preston Stevenson*, for the appellants.

*George F. Langbein*, for the respondents.

Opinion by DANIELS, J.; BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide the event.